**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                                 )
COLLEGE SPORTS COUNCIL, et al.   )
                                 )
            Plaintiffs,          )
                                 )    Civil Action No. 03-2588
       v.                        )    (EGS)
                                 )
DEPARTMENT OF EDUCATION, et al.  )
                                 )
            Defendants.          )
_____)
```

**MEMORANDUM OPINION**

I.  **BACKGROUND**

Plaintiffs, College Sports Council, National Wrestling Coaches Association, Committee to Save Bucknell Wrestling, Marquette Wrestling Club, Yale Wrestling Association, Juniata Wrestling Club, and Committee to Reinstate Delaware Wrestling, are a coalition of associations representing male intercollegiate and scholastic athletes, coaches, and alumni.

Plaintiffs are challenging the rules and policies implementing Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX") on the grounds that they violate the Constitution, Title IX, and the Administrative Procedure Act ("APA"). Plaintiffs allege that these rules and policies, specifically the 1979 Policy Interpretation ("Three-Part Test") and its 1996 and 2003 Policy Clarifications, mandate or authorize the very discrimination that Title IX prohibits, by authorizing

1

or encouraging the gender-conscious capping or cutting of male athletic programs at plaintiffs' academic institutions. Plaintiffs seek declaratory and injunctive relief to vacate the allegedly unlawful rules and policies and to require the United States Department of Education ("The Department") to issue new rules consistent with Title IX and the Constitution.

Plaintiffs filed this case in December 2003, following a prior related dispute before this Court involving many of the same issues and parties. *See Nat'l Wrestling Coaches Ass'n v. United States Dep't of Educ.*, 263 F. Supp. 2d 82 (D.D.C. 2003) ("*NWCA I*"). The plaintiff groups in the two cases are identical, except for the addition of the Juniata Wrestling Club and the Committee to Reinstate Delaware Wrestling. In *NWCA I*, this Court dismissed plaintiffs' claims on standing grounds, finding that plaintiffs "failed to meet their burden of persuasion on the question of whether or not they are the proper parties...." *See id*. at 129. The Court of Appeals affirmed. *See Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930 (D.C. Cir. 2004)("*NWCA II*"), *reh'g denied*, 383 F.3d 1047 (D.C. Cir. 2004) ("*NWCA III*").

Because the instant suit involves substantially the same parties and issues as the *NWCA* litigation, the Court has directed the parties to show cause why it should not be dismissed. Upon careful consideration of the parties' responses, and for the following reasons, the Court is persuaded that plaintiffs'

2

Amended Complaint must be **DISMISSED** for lack of subject matter jurisdiction.

**II. ANALYSIS**

The *NWCA* holdings rested on the "redressability prong" of the Supreme Court's test for Article III standing.[1] Both parties conceded that plaintiffs were, in large part, "challenging third-party conduct, namely that of educational institutions seeking to comply with Title IX as currently enforced." *NWCA I*, 263 F. Supp. 2d at 110. Although plaintiffs argued that the schools' conduct was a direct result of the challenged Department policies, they could not prove that a favorable decision from the court would redress their injuries. *See NWCA II,* 366 F.3d at 939 (noting that even if appellants prevailed on the merits of their challenge to the Three-Part Test, "nothing but speculation suggests that schools would act any differently..."). In the alternative, the Court of Appeals found that "even if the appellants had standing ... the availability of a private cause of action directly against universities that discriminate in violation of Title IX constitutes an adequate remedy that bars

---

[1] The "irreducible constitutional minimum of standing" requires satisfaction of three elements: First there must be an "injury in fact"--a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.'"  Second, there must be "causation"--a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant.  And third, there must be "redressability"--a likelihood that the requested relief will redress the alleged injury. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102-04 (1998) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)).

3

appellants' case." *Id.* at 945.

Plaintiffs contend that they have cured the jurisdictional defects that required dismissal in *NWCA*, that the principles of *res judicata* do not bar their claims in this case, and that this action, unlike the prior suit, provides a ripe petition-denial claim.[2]  Defendants, on the other hand, argue that none of plaintiffs' new allegations "alter the D.C. Circuit's conclusion that plaintiffs' injuries are not redressable," and that plaintiffs may not attempt to relitigate "the precise issue of jurisdiction that led to the initial dismissal."  *See* Defs.' Resp. to Ord. to Show Cause at 3, 7.

Despite plaintiffs' arguments to the contrary, the issue of redressability in this context has been conclusively settled. Although this case presents several additional allegations that the Three-Part Test and associated Department rules are unlawful, plaintiffs offer nothing to distinguish the Court of Appeals' observation in *NWCA II,* that

> the direct causes of [plaintiffs'] asserted injuries--loss of collegiate-level wrestling opportunities for male student-athletes--are the independent decisions of educational institutions that choose to eliminate or reduce the size of men's wrestling teams. [Plaintiffs] offer nothing but speculation to substantiate their claim that a favorable decision from this court will redress

---

[2] On July 28, 2003 the Department of Education formally denied plaintiffs' petition to "Repeal the Three-Part Test and its Implementing Guidance; Provide Schools and Student-Athletes with Guidance on Measuring Impact; and Clarify Impact of Regulations on Private Rights of Action."  *See* Pls.' Compl. Ex 3 ("Petition Denial").

4

>    their injuries by altering these schools' independent decisions.

*NWCA II*, 366 F.3d at 936-37.  Thus, as noted repeatedly by this Court and the Court of Appeals, the proper remedy for plaintiffs' alleged injuries is an "action directly against universities that discriminate in violation of Title IX." *NWCA II*, 366 F.3d at 945.

The Department's denial of plaintiffs' petition for repeal of the Three-Part Test does not alter this analysis. Although APA § 553(e) requires agencies to receive and consider rulemaking petitions from interested persons, the provision does not independently create jurisdiction to challenge denials of such petitions.  *See Shipbuilders Council of America v. United States*, 868 F.2d 452, 456 n.3 (D.C. Cir. 1989) ("The denial of such a petition is subject to judicial review, *provided that the petitioner can establish the requisite Article III standing*.") (emphasis added).  It is not enough to confer standing that plaintiffs can claim to be "interested persons" within the meaning of the statute.  *See Gettman v. Drug Enforcement Admin.*, 290 F.3d 430, 433 (D.C. Cir. 2002) ("The fact that Congress may have given all interested parties the right to petition the agency does not in turn automatically confer Article III standing when that right is deprived.").  Therefore, plaintiffs' procedural right to submit a petition to the Department "cannot serve as the basis for Article III

5

standing unless 'the procedures in question are designed to protect some threatened concrete interest of [petitioners'] that is the ultimate basis of his standing.'" *Id.* (quoting *Lujan*, 504 U.S. at 573 n.8).  In this case, for the reasons described above, plaintiffs fail this test.

The Court is also mindful of the Juniata and Delaware plaintiffs' concerns about their opportunity to heard and has carefully considered their additional submissions.[3]  However, it appears that the Juniata and Delaware plaintiffs are asserting the same causes of action, seeking the same relief, and have alleged injuries that are of the same character as the original *NWCA* plaintiffs.  Accordingly, plaintiffs' Amended Complaint shall be **DISMISSED** for lack of subject matter jurisdiction.

An appropriate Order and Judgment accompanies this Memorandum Opinion.


**Signed:     EMMET G. SULLIVAN
              UNITED STATES DISTRICT JUDGE
              March 1, 2005**

---

[3] Following the parties' responses to the Court's "Show Cause" Order, the two plaintiff groups not involved in the *NWCA* case--the Juniata and Delaware ("J&D") plaintiffs--filed a motion for leave to be heard, claiming that they would be "fundamentally prejudiced" by an order of dismissal without first being given a chance to "assert why the prior litigation does not control their claims."  *See* J&D Mot. at 2.

6